CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 22, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSIE H. LANTRY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:24cv433 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| EXECUTIVE BRANCH, | ) | By: Hon. Robert S. Ballou |
|     Defendant. | ) | United States District Judge |

Josie H. Lantry, a former Virginia inmate proceeding *pro* se, filed a Complaint pursuant to 28 U.S.C. § 1346(b), the Federal Tort Claims Act (FTCA), against the United States of America, Executive Branch. Compl. at 2, ECF No. 1. Lantry seeks leave to proceed *in forma pauperis*. Having reviewed Lantry's pleadings, the court grants his request to proceed *in forma pauperis* but finds that Lantry's allegations fail to state a claim upon which relief can be granted. Accordingly, the court will dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B)(iii) as barred by sovereign immunity.

## I. Factual Background

In his Complaint, Lantry alleges that he has been wrongfully incarcerated in California and in Virginia "for following Federal guidelines." Compl. at 3. He expounds on this in a supporting brief, in which he randomly summarizes his criminal history and life from 2013 forward, starting with an arrest in California for assault on an officer and resisting arrest, after which he was "court ordered to take medication." Br. in Supp. of Compl. at 1, ECF No. 1-1. For the next few years, he was apparently homeless, living in and out of shelters. Relying upon sections of the FAR and DFAR, he attempted to secure a residence in San Jose in 2017 but was charged with vandalism and possession of burglary tools despite his efforts to comply with the

federal regulations. *Id.* at 2. He then tried to buy a car, but the dealership refused to deal with him; he later learned that the car business "was owned by the Bank of Mexico." *Id.* He then tried to secure a vehicle under DFAR and was again arrested. Upon his arrest, he was immediately medicated and denied access to laws that would help his defense. His lawyer advised him to take a plea agreement, pleading guilty to charges that included felony burglary, in exchange for time served (18 months). *Id.*

After his release from custody, he held various jobs. He states that he was doing extremely well as a salesperson for a pest control company until he "discovered multiple crime scenes . . . unearthed a human trafficking organization . . . was fired due to poor performance and the infiltration of the company by malicious insiders tied to my UC/CI work with the FBI." *Id.* at 3. He spent the next six months working his way across the country with assignments from a temporary employment agency. Once he landed in Virginia, he found work but had nowhere to live. He resorted to old habits, trying to secure a residence under FAR and DFAR, which got him arrested in Virginia. At the time he filed his petition, he said he had been held in jail for seven months, in violation of his right to a speedy trial, with no trial date in sight. *Id.* at 3-5.

For the above, he seeks a variety of relief, including release from jail[1] and payment for his incarceration, "record remediation" in California so he is no longer banned from purchasing firearms, and reimbursement of the monthly cost of his car's impoundment by police. Compl. at 3, 5. He also asks for some type of job in the Executive Branch, possibly as a "clandestine service member" tasked with assisting the United States in world affairs, with a $75,000 yearly salary. Compl. at 5, Br. in Supp. Compl. at 4.

---

[1] Release from jail is not a remedy available under the Federal Torts Claims Act; the appropriate mechanism for seeking that relief is a Petition for Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Lantry has recently filed a habeas petition in this court regarding his charges in Virginia, *Lantry v. Unknown*, No. 7:25cv298 (W.D. Va.).

In supplemental letters to the court (ECF Nos. 8, 10, 11, 16, 17), Lantry has provided additional information, which does not clarify the grounds for his claim for relief, although in one such letter received September 9, 2024, he indicated that the time from his initial indictment had exceeded the 153-day limit of Virginia's Speedy Trial Act, 19.2-153.[2] ECF No. 10. He has also requested additional relief, namely, to live in any home he desires (apparently without having to pay for it) (ECF No. 11), and a new identity, social security number, and birth certificate. ECF No. 17.

## II. DISCUSSION

Normally, suits against the United States are barred by the doctrine of sovereign immunity. The FTCA provides a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a government employee acting within the scope of his or her employment. *Medina* v. *United States*, 259 F.3d 220, 223 (4th Cir. 2001). It permits the United States to be held liable in tort in the same respect as a private employer would be liable under the law of the place where the act occurred. 28 U.S.C. § 1346(b)(1). The FTCA does not waive sovereign immunity for federal agencies, which are not to be sued under the Act. *Holmes* v. *Eddy*, 341 F.2d 477, 480 (4th Cir. 1965). For purposes of the FTCA, the definition of "federal agency" includes departments of the executive branch. *Butts v. United States*, No. 2:13cv559, 2014 WL 2002201, at *3 (E.D. Va. May 13, 2014) (citing *Holmes*, 341 F.2d at 480).

More importantly, assuming this suit to be brought against the United States only, as required under the FTCA, Lantry has failed to state any basis for liability. The basis for liability must be certain limited tortious actions of a federal employee. *See* 28 U.S.C. § 2680 for

---

[2] Lantry incorrectly refers to December 20, 2023, as the date of his indictment. That was the date of his arrest on warrants issued by a magistrate. Direct indictments for the same charges were issued by the Montgomery County Grand Jury on July 10, 2024. Thereafter, the charges were dropped by *nolle prosequi* in General District Court without a preliminary hearing on July 16, 2024.

examples of torts that are excluded from the FTCA. Lantry has not identified an employee of the *United States* government who has committed a tort against him. To the extent he implies that his arrests in California or in Virginia were improper, those arrests were not undertaken by U.S. employees, but by state and local law enforcement officers.

To the extent he suggests that some nefarious person failed to properly handle Lantry's "documentation" under FARS, his allegations are nonsensical and frivolous, as FARS regulations do not in any way authorize private citizens to obtain housing for free. FARS, the Federal Acquisition Regulations System, is a set of uniform rules governing acquisition of supplies and services by and for the Federal Government; the rules apply to all executive agencies. 48 C.F. R. §§ 1.101, 2.101.

Lantry's complaints about alleged speedy trial violations in his Virginia criminal case, and allegations of double jeopardy violation from being indicted a second time after the charges were "dismissed," are not appropriate claims under the FTCA. First, the criminal case is pending in state court, not federal court. Second, the claims sound in habeas corpus, and if either claim were to have merit, a petition for habeas corpus would be the proper route for obtaining release from prison for violation of these rights. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Finally, as a prerequisite to filing suit against the United States under the FTCA, the claimant must first present the claim to the appropriate federal agency. Suit cannot be filed until the agency denies the claim or fails to make a decision within six months after the claim was submitted to the agency. 28 U.S.C. § 2675(a). This requirement is jurisdictional. *Wright v. United States*, No. 22-6358, 2023 WL 2010984, at *1 (4th Cir. Feb. 15, 2023). If the administrative claim has been filed, Lantry did not so allege in his complaint.

4

### III.  CONCLUSION

Because Lantry has failed to state a claim for which relief may be granted under the FTCA, this suit is barred by the doctrine of sovereign immunity and will be dismissed. An appropriate order will be entered this day.

Enter:  July 22, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge